UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

STEVEN M. HUFFER,

        Plaintiff,

                              Case No. 23-cv-1516-pp

  v.

CARMEN KOSICEK, MAY HUFFER,
KATHY J. ERICKSON, CARLOS RODRIGUEZ,
ALISSA MARTITEZ and JOHN DOES,

        Defendants.

**ORDER REQUIRING PLAINTIFF TO FILE AMENDED MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE**

On November 13, 2023, the plaintiff—who is representing himself—filed a complaint, dkt. no. 1, and a motion for leave to proceed without prepaying the filing fee, dkt. no. 2.

To allow the plaintiff to proceed without paying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i). To qualify to proceed without prepaying the filing fee, a plaintiff must fully disclose his financial condition, and must do so truthfully under penalty of perjury. See 28 U.S.C. §1915(a)(1) (requiring the person seeking to proceed without prepaying to submit "an affidavit that includes a statement of all assets [they] possess[]"). As the Seventh Circuit Court of Appeals has explained, "[p]roceeding [without prepaying the filing fee] is a privilege, and courts depend

1

on the plaintiff's honesty in assessing [his] ability to pay." Lofton v. SP Plus Corp., 578 F. App'x 603, 604 (7th Cir. 2014); see also Chung v. Dushane, No. 03 C 5955, 2003 WL 22902561, at *2 (N.D. Ill. Dec. 9, 2003) ("The opportunity to proceed [without prepaying the filing fee] is a privilege provided for the benefit of indigent persons and the court system depends upon the honesty and forthrightness of applicants to ensure that the privilege is not abused.").

The plaintiff's affidavit indicates he is not employed and that his sole "[s]ource of income" is "Living with parents." Dkt. No. 2 at 2. Under the "[a]mount" received from "Living with parents," the plaintiff wrote "various." Id. For expenses, the affidavit indicates the plaintiff has $500 in credit card payment(s) and lists the plaintiff's other household expenses as "various." Under "other monthly expenses that you have not already listed," the affidavit lists under type of expense "All" and the amount of this expense as "various." Id. at 3. The affidavit otherwise states that the plaintiff has $150 in cash or cash equivalent, as well as a 2014 Jeep Patriot valued at $5,000. Id. at 3-4. The affidavit concludes by saying that the plaintiff is "[u]nable to find a job locally based on defendants [sic] actions" and that his "[o]nly option is going on Social Security Disability which is a goal of the defendants [sic] in this conspiracy." Id. at 4.

The plaintiff's affidavit does not provide enough information for the court to determine whether he can pay the filing fee. The court needs specific details about the plaintiff's income and expenses: how much do his parents contribute to his income? What household expenses does he pay (groceries, clothing,

medical costs, utilities, cell phone, internet) and how much? What other monthly expenses does he pay, and how much? The court will require the plaintiff to file an amended request to proceed without prepaying the filing fee.

The court **ORDERS** that the plaintiff must file an amended request to proceed without prepaying the filing fee by the end of the day on **February 16, 2024**. If the plaintiff does not file an amended request in time for the court to receive it by the end of the day on February 16, 2024, the court will deny his application to proceed without prepaying the filing fee and will require him to pay the full $405 filing fee by a date certain.

Dated in Milwaukee, Wisconsin this 31st day of January, 2024.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
Chief United States District Judge**